IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP JEWELL SR., <br><br> Plaintiff, <br><br> v. <br><br> KOHAN RETAIL INVESTMENT GROUP, and WYOMING VALLEY MALL REALTY HOLDING LLC, <br><br> Defendants. | JURY TRIAL DEMANDED <br><br> Civ. No. _____ |

## COMPLAINT

Plaintiff, Philip Jewell Sr., by and through his counsel, Mobilio Wood, files the instant Complaint against Defendants, Kohan Retail Investment Group, and Wyoming Valley Mall Realty Holding LLC, averring in support thereof as follows:

### Introduction

1. This cause of action arises out of Plaintiff Philip Jewell Sr.'s ("Plaintiff") former joint employment with Defendants Kohan Retail Investment Group and Wyoming Valley Mall Realty Holding LLC ("Defendants").

2. Throughout Plaintiff's tenure with Defendants, Defendants paid Plaintiff a significantly lower hourly rate than his similarly situated and substantially younger coworkers, despite Plaintiff being at least – if not more – qualified than those substantially younger coworkers.

3. Plaintiff asserts claims and seeks monetary damages for age discrimination, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq* ("ADEA").

## Parties

4. Plaintiff Philip Jewell Sr. is an adult individual and former joint employee of Defendants.

5. Defendant Kohan Retail Investment Group ("Kohan") is a retail investment company with a focus on shopping malls, which maintains a headquarters located at 1010 Northern Boulevard, Suite 212, Great Neck, New York 11021.

6. Defendant Wyoming Valley Mall Realty Holding LLC ("Realty") is a Pennsylvania limited liability company headquartered at 1010 Northern Boulevard, Suite 212, Great Neck, New York 11021, and upon information and belief, is a wholly owned subsidiary of Defendant Kohan.

7. At all times relevant and material herein, Defendants acted by and through their ostensible and/or actual agents, servants, workmen and/or employees.

## Jurisdiction and Venue

8. This Court has jurisdiction over Plaintiff's claims in accordance with 28 U.S.C. § 1331 because this civil action arises under a law of the United States and seeks redress for violations of a federal law.

9. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this Commonwealth and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

10. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

## Exhaustion of Administrative Remedies

11. On May 17, 2022, Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC") against Defendants, alleging that Defendants unlawfully discriminated against him on the basis of his age, in violation of the ADEA and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951 *et seq.* ("PHRA").

12. More than sixty (60) days have elapsed since Plaintiff filed his Charge of Discrimination with the EEOC.[1]

---

[1] Plaintiff intends to file a motion for leave to amend the instant Complaint to assert claims for violation of the PHRA against Defendants following the expiration of 12 months from the date of dual-filing his Charge of Discrimination with the PHRC.

## Factual Allegations

13. Plaintiff is seventy-nine (79) years old.

14. Prior to August 2021, Plaintiff was employed by Allied Universal Security Services ("Allied Universal") as a security professional, and was staffed at the Wyoming Valley Mall, located at 29 Wyoming Valley Mall, Wilkes-Barre Township, Pennsylvania 18702.

15. Plaintiff had been employed as a security professional by Allied Universal since June 2019, and was paid a rate of $10.25 per hour.

16. During Plaintiff's tenure at Allied Universal, all of his substantially younger colleagues were paid a rate of $13.00 per hour, or more.

17. On or around August 27, 2021, Defendants purchased the Wyoming Valley Mall from its previous owner, and terminated Allied Universal's security services contract with the mall.

18. Defendants, however, offered all of Allied Universal's existing security professionals the opportunity to become employed by Defendants, and to continue to provide security services at the Wyoming Valley Mall.

19. Plaintiff accepted Defendants' offer of employment.

20. None of Plaintiff's other colleagues from Allied Universal accepted Defendants' offer.

21. Thus, Defendants hired several new security professionals, all of whom were at least fifteen (15) years younger than Plaintiff.

22. Defendants paid the new, substantially younger security professionals a starting rate of $13.00 per hour.

23. However, Defendants paid Plaintiff a lower rate of $10.25 per hour, which is the same rate that he had earned while he was employed by Allied Universal.

24. Plaintiff learned of his substantially younger colleagues' pay rates through conversations with them, and also from observing certain documents.

25. In or around late-September 2021, Defendants hired Plaintiff's former, substantially younger, colleague from Allied Universal, Eric Keblish ("Keblish"), as Plaintiff's immediate supervisor.

26. Keblish was one of the several aforementioned security professionals who initially rejected Defendants' offer of employment at the time that they purchased the Wyoming Valley Mall.

27. Further, Plaintiff possessed more certifications and had completed more security training courses than Keblish.

28. Specifically, Plaintiff is certified in both First Aid and CPR, and holds a FEMA Workplace Security Awareness certificate.

29. In addition, Plaintiff had no disciplinary history throughout his tenure with Defendants or their predecessor, Allied Universal.

30. Defendants nonetheless did not even offer Plaintiff an opportunity to interview for the supervisor position, and instead summarily awarded the position to Keblish.

31. Upon information and belief, Keblish earned more than $13.00 per hour as a supervisor.

32. After Keblish was hired as Plaintiff's immediate supervisor, Plaintiff voiced several complaints to him about Defendants' discriminatory pay practices, but was rebuffed on each occasion.

33. In late-March 2022, after voicing several unresolved complaints about pay discrimination, Plaintiff advised Defendants that he was resigning due to Defendants' unfair and discriminatory pay practices.

34. Plaintiff's resignation constitutes a constructive discharge.

## COUNT I

### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

35. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

36. At all times relevant and material herein, Plaintiff was an "employee" as defined by 29 U.S.C. § 630(f).

37. At all times relevant and material herein, Defendant Realty was Plaintiff's "employer" within the meaning of 29 U.S.C. § 630(b), and employed twenty (20) or more persons.

38. At all times relevant and material herein, Defendant Kohan retained sufficient control over the terms and conditions of Plaintiff's employment with Defendant Realty such that it is liable to Plaintiff pursuant to a joint employer and/or agency theory of liability.

39. In addition, Defendant Kohan served as Plaintiff's apparent or ostensible employer.

40. In the alternative, at all times relevant and material herein, Defendant Kohan was Plaintiff's "employer" within the meaning of 29 U.S.C. § 630(b), and employed twenty (20) or more persons.

41. In the alternative, at all times relevant and material herein, Defendant Realty retained sufficient control over the terms and conditions of Plaintiff's employment with Defendant Kohan such that it is liable to Plaintiff pursuant to a joint employer and/or agency theory of liability.

42. In the alternative, Defendant Realty served as Plaintiff's apparent or ostensible employer.

43. The ADEA provides that is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623(a).

44. At all times relevant and material herein, Plaintiff was qualified for the position of security professional.

45. In fact, Plaintiff had no significant disciplinary history throughout his tenure with Defendants, is certified in CPR and First Aid, and holds a FEMA Workplace Security Awareness certificate.

46. Many of Plaintiff's substantially younger colleagues did not possess the foregoing certifications.

47. Despite Plaintiff's qualifications, Defendants paid Plaintiff a significantly lower hourly rate than his similarly situated, substantially younger, colleagues.

48. Further, despite Plaintiff's qualifications, Defendants promoted his substantially younger colleague to a supervisor position without affording Plaintiff an opportunity to apply and/or interview for the position.

49. Through their conduct, Defendants willfully violated the ADEA.

50. Defendants acted with reckless indifference to Plaintiff's rights under the ADEA, warranting an award of liquidated damages.

51. As a result of Defendants' conduct, Plaintiff has been harmed.

## Prayer for Relief

**WHEREFORE**, Plaintiff prays that a judgment be entered in his favor and against Defendants in the following respects:

a) An order awarding back pay and front pay;

b) An order awarding liquidated damages;

c) An order awarding attorneys' fees and costs;

d) An order awarding pre-judgment and post-judgment interest; and

e) All other relief as the Court deems just and equitable.

## Jury Demand

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Date: 8/2/2022     BY: */s/ Peter C. Wood, Jr.*
Peter C. Wood, Jr., Esq. (I.D. No. 310145)
**MOBILIO WOOD**
900 Rutter Ave., Box 24
Forty Fort, PA 18704
Phone: (570) 234-0442
Fax: (570) 266-5402
peter@mobiliowood.com

*Counsel for Plaintiff Philip Jewell Sr.*